## Commonwealth v. One Chrysler Sedan

*William J. Geary*, district attorney, for Commonwealth.

*Merritt H. Davis, William Ashe* and *Robert E. Ashe*, for claimant.

HARVEY, P. J., October 14, 1931.—This is a proceeding instituted by the district attorney for the condemnation and sale of a Chrysler sedan automobile, which was used by one Ivory A. Ferguson in unlawfully transporting intoxicating liquor fit for beverage purposes in the County of Clarion, State of Pennsylvania, and was seized by officers of the law on April 11, 1931, while being so used.

The said Ivory A. Ferguson was arrested on April 11, 1931, on a charge of possession and transporting intoxicating liquor fit for beverage purposes within the Township of Elk, County of Clarion, State of Pennsylvania. A bill of indictment charging that the said Ivory A. Ferguson "unlawfully did possess and transport intoxicating liquors for beverage purposes in a Chrysler sedan automobile, which was seized while so doing," was prepared against him; he waived the presentation of the indictment to the grand jury and pleaded guilty to the offense charged. The defendant was sentenced to pay the costs of prosecution and placed upon probation for one year on condition that he pay for the use of the county $100. Pleading absence from home (residence given, North Tonawanda, N. Y.) and present inability to pay the costs and amount imposed upon him, he was permitted to go with the understanding that the costs, etc., would be paid by him. Only twenty-five dollars has been paid upon the costs, etc., to this date.

On April 16, 1931, the district attorney instituted these proceedings at No. 13, May Sessions, 1931, of this court.

An answer to said petition was filed by M. Elizabeth Ferguson, wife of Ivory Ferguson, averring that she was the lawful owner of the automobile seized; that she lawfully acquired the same and it was at all times lawfully used by her; and that, on April 11, 1931, when her husband, Ivory Ferguson, was using said car, she had no knowledge that her automobile was being used for any unlawful purpose, and that such unlawful use was without her consent and acquiescence.

A hearing was held upon the matter June 20, 1931. Mrs. Ferguson testified that she had bought the automobile with money derived from a mortgage placed upon a property bought and paid for from her personal earnings before her marriage with Ivory A. Ferguson; that she negotiated for the purchase of the automobile and paid for the same herself. The purchasing agreement and canceled checks aggregating $1100, payable to John A. Washington (who receipted upon the purchasing agreement for the payments in full), drawn by M. Elizabeth Ferguson upon the State Trust Company of

North Tonawanda, N. Y., were exhibited and placed in evidence. Mrs. Ferguson further testified that she did not know her husband had the car on April 11, 1931. That when he left it "must have been early in the morning. I don't know for sure—I was asleep." That she was "sick at the time." The evidence on the part of the Commonwealth is that when arrested the automobile was in possession of Ivory A. Ferguson; that several gallons of intoxicating liquor were found in it when Mr. Ferguson was arrested, and that "he [Ferguson] said the car belonged to him" when he was arrested. The hearing was continued to permit the district attorney to procure from the New York State Motor Department a certificate of ownership or registration.

## Discussion

This is a proceeding in rem under the Act of March 27, 1923, P. L. 34. Under the provisions of the act, section 11 (D) (V), anyone claiming "return" of a vehicle used in the unlawful transportation of intoxicating liquor seized while so transporting liquor must show: (a) that he is the owner of said property; (b) that he lawfully acquired the same; (c) that it was lawfully used and possessed by him; (d) in the event that it shall appear the property was unlawfully used by a person other than the claimant—that such unlawful use was without his knowledge or consent.

The evidence shows that Mrs. M. Elizabeth Ferguson bought (acquired) a Chrysler No. 70 Royal sedan automobile, paying therefor $1100 with her personal checks drawn upon and paid by the State Trust Company, North Tonawanda, N. Y., under an agreement dated September 3, 1927 (b).

That she could not and did not operate an automobile herself, but the car she bought was lawfully possessed by her and used in driving her and her baby out for fresh air under doctor's orders (c).

That she was the owner of the automobile seized April 11, 1931 (a), is not so clear. She claimed she was. There is no evidence before us in whose name the original registration with the New York State Bureau of Motor Vehicles of the ownership of the car purchased by her in 1927 was made at its purchase. At the arrest, April 11, 1931, Ivory A. Ferguson said the car was his. The 1931 certificate of registration, Department of Taxation and Finance, Bureau of Motor Vehicles, State of New York, was given by Mr. Ferguson to the arresting officer at the time of the arrest, in which Ivory A. Ferguson is the stated owner. Over three and one-half years elapsed from the purchase of the car to April 11, 1931, when it was seized. Granting it was the same car, change of ownership may have taken place in the meantime, giving weight to Mr. Ferguson's statement to the officer and his statement to the Bureau of Motor Vehicles when he got his 1931 motor registration certificate. Mr. Ferguson was not present at any hearing upon the matter and could not be interrogated. For the claimant, the point rests solely on Mrs. Ferguson's averment in her petition and her testimony and evidence at the hearing, June 20, 1931.

(d) There is no dispute that the automobile was being used for unlawfully transporting intoxicating liquor in considerable quantity. Mrs. Ferguson says in her testimony that she did not know her husband had the car April 11, 1931; didn't know when he left home in the morning, that she was sick in bed; did not know he was transporting liquor in the car. Here we have Mr. Ferguson leaving home so early in the morning his wife was still in bed asleep—also sick—taking his wife's (?) car without her knowledge or consent for a trip of several hundred miles (to visit friends in Armstrong County, Pa.) to be gone several days. It does not sound reasonable. It reflects seri-

ously upon the credibility of the claimant. Mr. Ferguson was not present at the hearing that he might be interrogated.

We are constrained to believe, and hold, that Ivory A. Ferguson possessed such ownership in and control over the car seized as to render it liable to seizure and condemnation and sale under the Act of March 27, 1923, P. L. 34.

The claim made by Mrs. Ferguson is hereby refused, disallowed and dismissed.

### Order

And now, October 14, 1931, upon due consideration, the court finds as a fact that Ivory A. Ferguson possessed ownership in the four-door Chrysler sedan of 1927 model, engine No. C156257, serial No. PC807L, bearing New York State license No. IH2929, used for the unlawful transportation of intoxicating liquor fit for beverage purposes, within the County of Clarion, State of Pennsylvania, in violation of the provisions of the Act of Assembly approved March 27, 1923, P. L. 34; the court does hereby adjudge the said automobile forfeited to the Commonwealth in accordance with the provisions of the said act of assembly; and it is further ordered and decreed that the Sheriff of Clarion County shall expose the said automobile to public sale, after notice, as provided in the act of assembly aforesaid; and shall make public sale thereof and pay the proceeds of such sale to the County Treasurer of Clarion County, Pa., as provided by said act.